IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

BRANDON TAFOYA,

       Defendant.                                     No. CR 13-3526 MCA

## MOTION IN LIMINE TO EXCLUDE INTERROGATION AND REQUEST FOR AN EVIDENTIARY HEARING

Defendant, Brandon Tafoya, by his attorney of record, hereby moves the Court to limit the introduction of evidence from an interrogation and for an evidentiary hearing in the above entitled and numbered cause. The grounds for this motion are that the government has not provided the video recording of the interrogation of the Defendant and is therefore not in compliance with the Discovery Order entered in this case. This failure is prejudicing the Defendant. Additionally the interrogation was unlawful because the Defendant had requested counsel at his arraignment and was immediately transported and interrogated without counsel. Moreover the Defendant was threatened with incarceration if he did not comply with being interrogated.

**Jurisdiction**

Under 18 U.S.C. § 1153 this issue is properly before This Court because the Defendant is Native American and this incident occurred within the exterior boundaries of the Santa Clara

Pueblo Land Grant, which is Indian Country.

**Pertinent Facts**

On April 11 2013 the Defendant was driving west on US Highway 84/285 near Espanola NM. He drove through the intersection of NM State Road 30 and collided with another vehicle. The driver and passenger of the other vehicle were badly injured. The Defendant was suspected of DWI and was arrested by Santa Clara Police Officer Jared Shupla.

This case began in the Santa Clara Tribal Court. The Defendant was arraigned in that court on April 15 2013 by a tribal court judge. Officer Shupla attended and noted that at this time the Defendant asked for a lawyer at his arraignment. The tribal judge released the Defendant but Bureau of Indian Affairs agent John Montowine and Shupla transported the Defendant from court to the BIA office at the Ohkay Owingeh Pueblo (a neighboring Indian Pueblo, approximately an 8 mile drive).

Montowine read the Defendant his Miranda warning and provided a written form which the Defendant signed. Montowine conducted the interview with Shupla present but with no counsel. At this point the Defendant made incriminating statements. Montowine setup a video recorder and attempted to record the whole of the interview but in the beginning the recorder did not work. Montowine discovered the malfunction briefly into the interrogation and corrected the problem. Once corrected the Defendant was asked to summarize what he had just said and the interrogation continued. During or just prior to the interrogation the Defendant was told that if he did not cooperate with the investigation he would be jailed or taken on a federal warrant and that Montowine had the authority not to jail the Defendant if he cooperated with the interview.

Undersigned undertook representation of the Defendant on March 13 2014 and shortly

2

thereafter noticed that the recording of the interrogation had not been disclosed to his predecessor, the Federal Public Defender. It did not appear that the parties were previously aware of the existence of the recording at the time. A motion for a continuance was requested on March 21 2014, which was granted, in part to give the United States an opportunity to locate and make available the recording as well as to allow the Defendant to review it. On April 9 2014 undersigned asked opposing counsel, via email, if he had any word on the recording. Undersigned received no response. Again undersigned followed up on April 30 2014. Counsel did respond to this message the same day. He responded that Montowine told him that he would prepare a transcript of the interview as well as the recording but that he had not sent it. Undersigned again followed up on May 12 and 15 2014 both by telephone and email and at that time indicated that due to deadlines that he would need to file a motion to exclude the interrogation and for the Government's position on these matters. No response has been received.

**The Missing Video**

The Government's failure to provide the interrogation recording violated the Court's Discovery Order and has prejudiced the Defendant because he cannot challenge the testimony of the officer's account of the interrogation, nor can he assert as sound of a basis for his position that the interrogation was unlawful. The Defendant is therefore prejudiced by the discovery violation. To remedy This Court should exclude the recording from evidence and prohibit any testimony of the interrogation at trial.

The Court entered its discovery order on November 6 2013. Under Fed. R. Crim. P. 16(b)(1) the Government is required to disclose the recording because it is a statement of the

defendant to agents as defined in section A.

In the event of non-compliance Rule 16(d)(2) provides a number of options for the court including: "(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances."

The Tenth Circuit Court of Appeals identified several considerations This Court should make in determining which sanction is best for non-compliance with Rule 16. *U.S. v. Golyanski*, 291 F.3d 1245 (10th Cir. 2002) including :(1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance. ( *Citing United States v. Muessig,* 427 F.3d 856, 864 (10th Cir.2005)); *United States v. Gonzales,* 164 F.3d 1285, 1292 (10th Cir.1999)); *United States v. Wicker,* 848 F.2d 1059, 1061 (10th Cir.1988). Applying these factors, This Court should first aim to impose the least severe sanction that will accomplish prompt and full compliance with the court's discovery orders, and progressively sanction if needed. To support a finding of prejudice, there must be a determination that the delay impacted the defendant's ability to prepare or present its case. *Golyanski*, 291 F.3d at 1250. These three factors should merely guide the district court in its consideration of sanctions; they are not intended to dictate the bounds of the court's discretion. *Wicker*, 848 F.2d at 1061.

In *Golyanski* the defendant did not receive in a timely fashion materials that could impeach the credibility of government witnesses, including whether they had inducements for

4

their testimony. *Id*. at 1247. The court held that a continuance rather than exclusion was proper because the extra time would permit proper trial prep, with the materials, by the defendant notwithstanding added expense. *Id*. at 1250. On the other hand *Wicker* attempted a continuance, which failed to remedy the discovery problem. *Id*. at 1061. At issue was a lab report and the testimony of the lab analyst who's report had not been disclosed.

Our case is distinct from *Golyanski* and in line with *Wicker* because we have already attempted a continuance to remedy this problem and that was not successful. Upon information and belief there has been a previous continuance in this matter as well. Our case is also in line with *Wicker* because in that case there were notes and documents of information pertaining to the report and the offered testimony of the analyst, but not the report, as here the government offers the testimony of its officers for the contents of the interrogation without making the recording itself available. The *Wicker* court did not permit that and neither should This Court. The discovery order has been violated in the first instance by the oversight and nondisclosure and in the second instance by the nondisclosure after the specific problem was brought to the attention of the government.

The government's conduct works prejudice in another way. The Defendant now has an inability to properly raise our motion on the unlawful interrogation. The government's late silence on the matter affects trial preparation as well. The Defendant has relied on his detriment that the government was obtaining the recording and transcript and not it appears they are not doing so.

For these reasons the recording and interrogation of Montowine should be excluded from the body of evidence.

**Unlawful Interrogation**

The Defendant invoked his right to counsel at a tribal court arraignment. With the government's officer and agent present for arraignment, the Defendant was then taken for an interrogation without an attorney. The fruits of the interrogation should therefore be excluded.

When a suspect has "expressed his desire to deal with the police only through counsel, he is not subject to further interrogation by the authorities until counsel has been made available," unless he initiates the contact. *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). The Supreme Court revisited *Edwards* in *Davis v. United States,* 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). *Davis* clarified that a suspect must unambiguously request a lawyer. The inquiry is objective. *U.S. v. Santistevan*, 701 F.3d 1289 (10th Cir. 2012) explained this well. A suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Id.* Absent this "level of clarity, *Edwards* does not require that the officers stop questioning the suspect." *Id.* However, when the statement is clear, all questioning must stop; this bright-line rule "preserve[s] the integrity of an accused's choice to communicate with police only through counsel, by preventing police from badgering a defendant into waiving his previously asserted *Miranda* rights." *Maryland v. Shatzer,* 559 U.S. 98, 130 S.Ct. 1213, 1220, 175 L.Ed.2d 1045 (2010) (citations and internal quotation marks omitted).

Our case is in line with *Santistevan* because the Defendant invoked his right to counsel at the arraignment in front of the government officer and agent, and before the tribal judge.

Nevertheless he was restrained at that point and taken to another location by the government agents and interrogated. This is just like when the government agents took Santistevan's letter that he asserted he wanted counsel and nevertheless interrogated him. And, this was a custodial interrogation because the Defendant was transported by the government agents and with two present and a video recorder the agent intended to elicit incriminating statements. This is just like Mr. Santistevan, who was also under arrest and in fact held in custody, knew that the agent was there to ask him questions. Therefore in our case and Santistevan interrogation was imminent, Mr. Santistevan could properly invoke his right to counsel, and to reiterate, he did so in an unequivocal manner when he handed the letter drafted by his attorney to the agent as did the Defendant here to the tribal judge at the arraignment, with the officers present.

Because the interrogation was the fruit of the poisonous tree This Court should follow *Santistevan* and exclude the interrogation.

WHEREFORE, defendant respectfully requests that the Court hold an evidentiary and motion hearing on these issues and to grant exclusion of the interrogation recording and any testimony or other evidence of he interrogation and to grant other relief the Court deems is just.

                                              Respectfully submitted,

                                              BEN A. ORTEGA

                                              By <u>Electronically signed</u>
                                                 Ben A. Ortega
                                                 510 Slate Ave. NW
                                                 Albuquerque, New Mexico 87102
                                                 (505) 503-0956
                                                 Attorney for Defendant

This motion was filed through CM/ECF as indicated in the header, which I understand

provided service to the parties.

Electronically signed
Ben A. Ortega