FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 01 2014

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. ) Cr. No. 13-3526 MCA
)
BRANDON TAFOYA, )
)
    Defendant. )

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, **BRANDON TAFOYA**, and the Defendant's counsel, Ben A. Ortega, Esq.

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to plead not guilty, or having already so pleaded, to persist in that plea;

    b. to have a trial by jury; and

    c. at a trial:

        1) to confront and cross-examine adverse witnesses,

        2) to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

## **WAIVER OF RIGHTS AND PLEA OF GUILTY**

3. The Defendant agrees to waive these rights and to plead guilty to Counts one and two of the indictment, charging a violation of 18 U.S.C. §§ 1153 and 113(a)(6), that being assault resulting in serious bodily injury.

## **SENTENCING**

4. The Defendant understands that the maximum penalty provided by law for this offense is:

    a. imprisonment for a period of not more than ten years;

    b. a fine not to exceed the greater of $250,000.00 or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

    c. a term of supervised release of not more than three (3) years to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d. a mandatory special penalty assessment of $100.00; and

    e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

7. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32, any information the United States believes may be helpful to the Court including, but not limited to, information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

    a. On April 11, 2013, in Indian Country, in Rio Arriba County in the District of New Mexico, around 9:13 p.m., I was driving alone in a 2012 Chevy Silverado southbound on US 84/285. As I approached the intersection of 84/285 and NMSR 30, the traffic signal turned red. I went through the intersection as a second vehicle entered the intersection from NMSR 30 on a green light. I struck the second vehicle, a 1994 Ford Explorer, on the left front quarter panel of the vehicle, and both vehicles came to rest in the intersection.

    b. There were two passengers, elderly females, in the Ford Explorer. Both women were seriously injured with internal injuries, cuts and lacerations. The driver also had a left hip

3

fracture and a pelvic fracture. Both women required significant medical treatment, and a physician would have testified that they suffered serious bodily injury as defined by 18 U.S.C. § 1365(h)(3).

c. I provided a breath test at the accident and it was .16 BAC. I was arrested and taken to the hospital to treat my ankle. While at the hospital, a blood alcohol test was done and it showed a .24 BAC.

d. I was interviewed four days later by an FBI Special Agent. When I was questioned about where and when I had been drinking on the night of the accident, I admitted that I had been at the Club Tropicana in Espanola, New Mexico, and that I drank approximately six Coors "tall boy" beers (24 ounces), and four or five shots of "Wild Turkey 101". I admitted that I was "buzzed", but I left the club and my designated driver behind.

e. I am an Indian as that term is defined by federal statute.

9. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10. The United States and the Defendant stipulate as follows:

a. Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), the parties stipulate that the appropriate disposition of this case is as follows:

1) the Defendant shall be sentenced to a term of imprisonment of no more than three years. This imprisonment shall be served as follows:

a) Two years at the Delancy Street Rehabilitation Program;

b) One year to follow in a transitional halfway house or home detention or both, or any program deemed beneficial to the defendant by the United States Probation Office. The Defendant shall be allowed to work or pursue an educational program in the last year of his sentence, again as approved by the United States Probation Office.

2) following imprisonment, the Defendant shall be placed on supervised release as required by law;

3) the Defendant shall pay a $100.00 special penalty assessment as required by law for the counts of conviction;

4) the Defendant shall pay mandatory restitution as required by the Court.

b. The Defendant recognizes that this plea agreement has already conferred a benefit upon him and that no additional downward departure or variance from the sentence agreed upon pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) is appropriate. The Defendant further recognizes that if the Court accepts this plea agreement, then the Court is not permitted to depart downward or vary from the sentence agreed upon pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). In return for the benefit conferred upon the Defendant by entering into this plea agreement, the Defendant agrees that the defense will not seek a downward departure or variance from the sentence agreed upon pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). If the defense, in violation of this paragraph,

should nevertheless seek a downward departure or variance, the United States reserves the right, in its sole discretion, to withdraw this plea agreement and the Defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the Indictment filed in this case, as well as perjury, false statement, and obstruction of justice.

c. The Defendant stipulates that he will comply with the Court's order of restitution.

d. The Defendant stipulates that he will comply with the mandatory and special conditions of his supervised release, as determined by the Probation and Parole Office.

11. The parties are aware that the Court may accept or reject this plea agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the Defendant shall have the right to withdraw his guilty plea.

12. Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

13. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The

Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

14. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## RESTITUTION

15. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

## WAIVER OF APPEAL RIGHTS

16. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver. The appellate waiver in this plea agreement does not bar the defendant from seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c), should the Sentencing Commission so authorize.

## GOVERNMENT'S ADDITIONAL AGREEMENT

17. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

18. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

20. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

21. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $200.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

22. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 1st day of Oct, 2014.

DAMON P. MARTINEZ
United States Attorney

_____
PRESILIANO A. TORREZ
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
BEN A. ORTEGA
Attorney for the Defendant

9

I have carefully discussed every part of this agreement with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

                                           BRANDON TAFOYA
                                           Defendant